UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

——————

| | | |
|---|---|---|
| CHARLES ANTHONY RALSTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:05-cv-120 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| NICK LUDWICK et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

I.      Factual Allegations

Plaintiff presently is incarcerated at the Bellamy Creek Correctional Facility but he complains of events that occurred while he was incarcerated at the Charles Egeler Reception and Guidance Center Annex (Charles Egeler Center). In his *pro se* complaint, Plaintiff sues Nick Ludwick, the Warden of the Charles Egeler Center, and Hugh Wolfenbarger, the Warden of the Macomb Correctional Facility, in their official capacities, for negligently causing his broken collar bone, failing to provide him with pain medication, and for his pain and suffering.

On September 17, 2003, two Michigan Department of Correction's (MDOC) transportation officers "bellycuffed and shackled" Plaintiff before bringing him to the Lapeer County Circuit Courthouse. A brass tag hung from the center of his shackles. After the court hearing, Plaintiff proceeded down the court elevator. While plaintiff was leaving the elevator, however, the brass tag became caught in the crack between the elevator and the floor of the courthouse. Plaintiff subsequently fell forward to the floor. When he hit the floor, Plaintiff heard a "pop" and screamed in pain.

When Plaintiff returned to the Charles Egeler Center, the transportation officers removed his shackles and offered him a dinner tray. Plaintiff, however, felt too sick to eat. An hour later, the transportation officers brought Plaintiff to Dwayne Waters Hospital, where a nurse offered him a sling and gave him Motrin. A doctor diagnosed Plaintiff with a broken collar bone and prescribed pain pills to him on September 18, 2003. On September 26, 2003, the MDOC transferred Plaintiff to the Macomb Correctional Facility where he was placed in administrative segregation pending court proceedings. Plaintiff alleges that he did not always receive his pain medication while

- 2 -

in administrative segregation. Plaintiff also argues that the medical department did not send Plaintiff with pain medication when he had to appear in court for approximately ten days. For relief, Plaintiff seeks monetary damages.

## II. Lack of Exhaustion of Administrative Remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available. *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome. *Knuckles El*, 215 F.3d at 642 (6th Cir. 2000). A prisoner must make particularized averments as necessary for the district court to determine what, if any, claims have been exhausted

or what has been done in an attempt to exhaust the claims. *Id.*[1]  In addition, a prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *accord Harbin-Bey v. Rutter*, __ F.3d__ No. 04-1458, Slip. Op. at 8 (6th Cir. Aug. 18, 2005); *Burton v. Jones*, 321 F.3d 569, 574-75 (6th Cir. 2003); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff's medical claims are the types of claims that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement which directly affect the grievant") (effective 4/28/03).  In his complaint, Plaintiff states that he filed Step I, Step II and Step III grievances.  Plaintiff provides copies of the Step II grievance and the grievance responses for Step I, Step II and Step III.  Plaintiff, however, did not attach copies of his Step I and Step III grievances, nor does he specifically describe what issues he raised in the grievances or who was named in the grievance.  Without that information, the Court is unable to determine whether Petitioner properly exhausted his medical claims against each of the named Defendants.  Petitioner, therefore, has failed to satisfy his burden of demonstrating exhaustion.

---

[1]To assist prisoners in meeting this requirement, this court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint.  The form complaint, which is required by local rule, is disseminated to all the prisons.  *See* W.D. MICH. L.R. 25(a).  Plaintiff's complaint was filed on the form.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Generally, the Court would dismiss this action without prejudice. However, where a complaint fails to state a claim upon which relief can be granted, the Court may dismiss the claim without first requiring the exhaustion of administrative remedies. *See* 42 U.S.C. § 1997(e)(c)(2); *Brown*, 139 F.3d 1103-04. Because Plaintiff's complaint fails to state a claim upon which relief can be granted, the Court will dismiss this action on that basis.

III.    Failure to State a Claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). The Court concludes that Plaintiff has failed to state a claim upon which relief can be granted because Defendants Ludwick and Wolfenbarger are immune from suit.

A.    Immunity

Plaintiff sues Defendant Ludwick, Warden of the Charles Egeler Center, and Defendant Wolfenbarger, Warden of the Macomb Correctional Facility, in their official capacities.

- 5 -

A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity; in this case, the Michigan Department of Corrections. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71  (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  An official-capacity state defendant is absolutely immune from monetary damages. *Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. and Corr.*, 157 F.3d 453, 456 (6th Cir. 1998); *Wells v. Brown*, 891 F.2d 591, 592-93 (6th Cir. 1989).   Therefore, the Court will dismiss the suit for monetary relief against Defendants Ludwick and Wolfenbarger in their official capacities.

Plaintiff may also not maintain a § 1983 action against the Michigan Department of Corrections.  Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826  (6th Cir. 1993).   Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).  In numerous unpublished opinions, the Sixth Circuit has specifically held that the Michigan Department of Corrections  is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Michigan Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Michigan Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987).  In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a

"person" who may be sued under § 1983 for money damages.  *See Lapides v. Board of Regents*, 535 U.S. 613 (2002) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989)).  Accordingly, the Michigan Department of Corrections is also immune from suit.

Even if Wardens Ludwick and Wolfenbarger were not immune from suit and Plaintiff alleged that Defendants were liable for the conduct of the transportation officers and the medical staff, Plaintiff's complaint would still fail to state a claim upon which relief can be granted.  A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability.  *Street*, 102 F.3d at 818 (quoting *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978).  Plaintiff must establish that the Wardens were personally involved, or that they otherwise encouraged or condoned the action of the offending employees.  *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976) and *Bellamy v. Bradley*, 729 F.2d 416, 429 (6th Cir. 1984)).  There must be more than merely a right to control employees, as Plaintiff must show that Defendants Ludwick and Wolfenbarger at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending employees, i.e. the transportation officers and the medical staff.  *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).  Plaintiff's complaint completely fails to allege that Defendants Ludwick and Wolfenbarger were in any way involved in the acts or omissions alleged, that they encouraged or condoned the conduct of the transportation officers or medical staff, or that they authorized, approved or knowingly acquiesced in the conduct.  Therefore, Plaintiff's complaint would still fail to state a claim upon which relief can be granted.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:    September 7, 2005           /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE